# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND CASUALTY )
COMPANY, )
                          Plaintiff, )
)
vs. ) Case No. CIV-15-1068-M
)
CHARLES DAWSON, RAY )
STOCKBRIDGE and LINDA )
STOCKBRIDGE, next friends of S.S., )
a minor child, )
)
                          Defendants. )

## ORDER

Before the Court is the Motion to Dismiss of defendants Ray Stockbridge and Linda Stockbridge, next friends of S. S., a minor child (collectively, the "Stockbridges"), filed September 30, 2015. On October 21, 2015, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

On April 14, 2015, the Stockbridges filed a state district court action against defendant Charles Dawson ("Dawson"), alleging the following claims against Dawson: (1) invasion of privacy/intrusion on seclusion, (2) negligence, and (3) negligence *per se*. Specifically, the Stockbridges allege that their daughter is a student at Wanette High School, and Dawson was her math teacher. Additionally, the Stockbridges allege that Dawson gave a cellular phone to their daughter and had been using the phone to communicate with her. They further allege that Dawson solicited sexually explicit photographs from their daughter by use of the phone and sexually harassed her on several occasions on the grounds of the school.

From May 17, 2014 to May 17, 2015, plaintiff insured Dawson under a Homeowners Policy ("Policy"). The Policy provides liability coverage for Dawson if the insuring agreement of the Policy is met and if no exclusions operate to defeat coverage. On September 28, 2015, plaintiff filed this declaratory judgment action, asking this Court to determine the rights and duties of the parties under the Policy with respect to the state court action. The Stockbridges have now moved to dismiss this action, or, in the alternative, to stay the matter pending predicate factual determinations by the state district court.[1]

## II. Discussion

The Stockbridges assert that this Court should abstain from hearing this matter and dismiss this action in its entirety based upon the discretionary "abstention" doctrine discussed in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and its progeny.

> [A] district court is not obliged to entertain every justiciable declaratory claim brought before it. The Supreme Court has long made clear that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962). *See also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994). The Tenth Circuit in *Mhoon* outlined five factors to guide a district court when exercising its discretion to hear a declaratory judgment action if there is a similar state court lawsuit pending:

---

[1] In support of their motion to dismiss, the Stockbridges cite to Federal Rule of Civil Procedure 12(b)(1), which provides grounds for dismissal if a court lacks subject matter jurisdiction. However, the Stockbridges do not allege that this Court lacks subject matter jurisdiction. Specifically, the Stockbridges have not alleged that the parties are not diverse or that the amount in controversy has not been satisfied. Upon review of the court file, the Court finds it does have subject matter jurisdiction based on diversity of citizenship in this case.

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 983 (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

Having carefully reviewed the parties' submissions, and having reviewed the *Mhoon* factors, the Court finds that this case should neither be dismissed nor stayed pending factual determinations by the state district court. Specifically, the Court finds that a declaratory judgment in this case would settle the controversy between plaintiff and Dawson, it would serve a useful purpose in clarifying the rights and duties plaintiff has to Dawson in relation to the state court litigation, and it would not interfere with the Stockbridges' state court litigation. Additionally, the Court finds that there is no evidence that this declaratory judgment action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*." Further, the Court finds that a declaratory judgment in this case would not have any res judicata implications for the parties in the state court litigation. This Court can rule on the coverage dispute based on a review of the state court complaint, and there is no danger of creating or increasing friction between the state and federal courts. Although there are some similarities between the facts in the state case and the instant action, the cases are not parallel and involve completely different legal issues. The state court litigation involves Dawson's liability to the Stockbridges; the instant action involves the collateral issue of insurance coverage. Finally, the Court finds there is a live need for a declaration of plaintiff's rights and duties and there is a substantial interest in deciding the issues involved in this case, particularly the question of the duty to defend, without undue delay.

III.	Conclusion

Accordingly, the Court DENIES the Stockbridges' Motion to Dismiss [docket no. 9].

**IT IS SO ORDERED this 10th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE