# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND CASUALTY  )
COMPANY,                       )
                               )
        Plaintiff,           )
                               )
vs.                            )  Case No. CIV-15-1068-M
                               )
CHARLES DAWSON;                )
SUMMER STOCKBRIDGE,            )
                               )
        Defendants.          )

## ORDER

This case is scheduled for trial on the Court's December 2016 trial docket.

Before the Court is plaintiff State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment, filed October 3, 2016. On October 19, 2016, defendant Summer Stockbridge ("Stockbridge") filed her response, and on October 26, 2016, State Farm filed its reply. On October 31, 2016, defendant Charles Dawson ("Dawson") filed his response, and on November 7, 2016, State Farm filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

In late December 2014, Stockbridge moved with her family to Wanette, Oklahoma. In January 2015, Stockbridge began attending Wanette High School. At some point after beginning school at Wanette High School, Stockbridge began communicating with her math teacher, Dawson, via text messaging. In early 2015, Stockbridge's parents took her cell phone away; Dawson overheard Stockbridge talking about not having a cell phone and gave her a cell phone.

The text conversations between Dawson and Stockbridge began innocently but became sexual in nature. Stockbridge sent Dawson pictures of her nude body, of her breasts, and of her

groin area. Dawson has admitted he asked Stockbridge to send him pictures and admitted that he viewed the pictures Stockbridge sent to him. In addition to the text communications, there was physical contact between Dawson and Stockbridge. Dawson would give Stockbridge "high fives" and hold her hand for an awkward amount of time and also kissed Stockbridge at school.

Many of the text communications transpired in March 2015 over spring break.[1] In March 2015 Stockbridge's mother discovered the phone Dawson gave Stockbridge, and Stockbridge told her mother about her relationship with Dawson. The Stockbridges reported the events to the police. Stockbridge did not return to school after spring break but finished the school year through online courses.

On April 1, 2015, Dawson was arrested for soliciting child pornography and possession of child pornography. On April 15, 2015, Dawson was criminally charged with one count of instigating sexual conduct with a minor (Stockbridge) by use of technology and one count of possession of child pornography. On February 24, 2016, Dawson pled *nolo contendere* to these charges. On May 24, 2016, Dawson was sentenced to a term of ten years, with all but the first year suspended, for possession of child pornography and to a term of five years, suspended, for soliciting sexual conduct or communication with a minor by use of technology.

On April 14, 2015, Stockbridge's parents, as next friends of Stockbridge, brought a civil suit against Dawson in the District Court of Pottawatomie County, Oklahoma ("State Court Action"). On September 23, 2015, the Stockbridges filed a First Amended Petition, adding Independent School District No. 115 of Pottawatomie County, Oklahoma, as a defendant. The Amended Petition alleges that Dawson provided Stockbridge with a cell phone and solicited sexually explicit

---

[1]In March 2015, Stockbridge was sixteen years old.

photographs of her and sexually harassed Stockbridge on the grounds of Wanette Public Schools. Stockbridge seeks damages against Dawson under the theories of invasion of privacy, intrusion on seclusion, negligence, and negligence *per se*. On August 5, 2016, an order was entered in the State Court Action substituting the real party in interest, Stockbridge. The State Court Action is currently pending.

From May 17, 2014 to May 17, 2015, a homeowners policy issued to Dawson by State Farm (the "Policy") was in effect. Dawson sought coverage for indemnity and defense under the Policy for the claims made against him in the State Court Action. State Farm is providing Dawson with a defense in the State Court Action under a reservation of rights. State Farm has brought the instant declaratory judgment action, asking this Court to determine there is no coverage under the Policy for the claims asserted against Dawson in the State Court Action. State Farm now seeks summary judgment in its favor.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden

3

of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

State Farm seeks summary judgment based on the following grounds: (1) Stockbridge's claims do not trigger coverage under the insuring agreement, as they do not qualify as "bodily injury" or "property damage" as defined by the Policy; (2) even if Stockbridge's claims qualify as "bodily injury" or "property damage," they do not trigger coverage under the insuring agreement as they were not caused by an "occurrence" as defined under the Policy; (3) Stockbridge's claims are excluded under the Policy as the damages were intended or expected by Dawson; and (4) State Farm does not have a duty to defend or indemnify Dawson because there is no potential for coverage under the Policy.

Under Oklahoma law,

> [a]n insurer has a duty to defend [an] insured whenever it ascertains the presence of facts that give rise to *the potential of liability* under the policy. The insurer's defense duty is determined on the basis of information gleaned from the petition (and other pleadings), from the insured and from other sources available to the insurer at the time the defense is demanded (or tendered) rather than by the outcome of the third-party action.

*First Bank of Turley v. Fid. and Deposit Ins. Co. of Md.*, 928 P.2d 298, 303-04 (Okla. 1996) (emphasis in original). Thus, the critical issue in assessing the existence of a duty to defend is not whether a plaintiff's allegations are true, but rather whether the plaintiff has pled a cause of action

4

which (if successfully proven) would result in covered liability. *See Md. Cas. Co. v. Willsey*, 380 P.2d 254, 258 (Okla. 1963) ("an insurer is not obligated to defend a groundless suit when it would not be liable under its policy for any recovery that could possibly be obtained therein.").

State Farm asserts that in the instant matter, none of the claims against Dawson are covered, whether groundless or not. State Farm further asserts that even if Dawson disputes that he committed any of the acts complained of, there is still no coverage for the claims made against him because there is no potential of liability under the Policy for the claims made against Dawson – there are no set of facts which could bring the claims made against Dawson within the realm of coverage. Specifically, State Farm contends that there is no coverage under the Policy for the claims made against Dawson because there are no allegations of bodily injury or property damage as defined under the policy.

The Policy provides, in pertinent part:

> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect the settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

Policy, attached as Exhibit 14 to State Farm's Motion for Summary Judgment and Brief in Support, at Policy 0034. Further, the Policy defines "bodily injury" as follows:

> **"bodily injury"** means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

5

          **Bodily injury** does not include:
          a.    any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person;
          b.    the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person; or
          c.    emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

*Id.* at Policy 0020. Additionally, the Policy defines "property damage" as follows:

> **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**.

*Id.* at Policy 0021.

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to defendants and viewing all reasonable inferences in defendants' favor, the Court finds there is no genuine issue of material fact as to whether the claims brought by Stockbridge in the State Court Action seek "bodily injury" damages and/or "property damage." Specifically, the Court finds that Dawson has not set forth sufficient evidence showing that Stockbridge is seeking "bodily injury" damages in the State Court Action. In fact, in her response to State Farm's Motion for Summary Judgment, Stockbridge does not dispute State Farm's statement of material facts for which there is no genuine dispute no. 25 that Stockbridge did not suffer any physical injuries because of Dawson's conduct. Further, while Dawson asserts that there is evidence that Stockbridge has suffered mental/emotional harm, the Court finds that under the clear and unambiguous language of the Policy, emotional distress damages are specifically excluded from the definition of "bodily injury" and, thus, do not qualify as "bodily injury" and do not trigger coverage under the Policy.

Additionally, the Court finds that Dawson has not set forth sufficient evidence showing that Stockbridge is seeking "property damage" in the State Court Action. Dawson asserts that the claims in the State Court Action could be construed as seeking damages for Stockbridge's loss of her property interest in public education. Dawson, however, has not set forth any evidence showing that Stockbridge has lost a property interest in public education;[2] no evidence has been presented that Stockbridge missed any public education because of Dawson's conduct. In fact, the evidence submitted by the parties shows that while Stockbridge did not return to Wanette High School after spring break in 2015, she finished the school year through online courses. Thereafter, Stockbridge continued her schooling for both the 2015-2016 and 2016-2017 school year at Noble High School.

Accordingly, because Stockbridge is not seeking either "bodily injury" damages or "property damage" in the State Court Action, the Court finds that there is no potential of liability under the Policy and, thus, State Farm has no duty to defend or indemnify Dawson.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS State Farm's Motion for Summary Judgment [docket no. 28]. A separate judgment will be entered forthwith.

**IT IS SO ORDERED this 15th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2]The Court further finds that it is unlikely that an individual's property interest in public education would qualify as tangible property.