# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND )
CASUALTY COMPANY, )
                              )
           Plaintiff, )
                              )
vs. ) Case No. CIV-15-1068-M
                              )
CHARLES DAWSON, and )
SUMMER STOCKBRIDGE, )
                              )
           Defendants. )

## ORDER

Before the Court is defendant Charles Dawson's ("Dawson") Motion for Judicial Review of Taxation of Costs, filed January 12, 2017. On February 2, 2017, plaintiff filed its response, and on February 10, 2017, Dawson filed his reply. Based upon the parties' submissions, the Court makes its determination.

On November 15, 2016, the Court granted plaintiff's motion for summary judgment and entered judgment in favor of plaintiff and against defendants. On January 5, 2017, the Clerk of Court taxed costs against defendants in the amount of $427.06. Dawson now moves this Court to review the taxation of costs by the Clerk of Court. Specifically, Dawson asserts that any award of costs is inequitable under the circumstances of this case because he is unable to pay plaintiff's costs for initiating and prosecuting this litigation and the costs incurred by plaintiff for which it seeks reimbursement were not necessary costs.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

> Whether or not a prevailing party shall be awarded costs is within the court's sound discretion. Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs. Thus the established rule is that costs are generally awarded to the prevailing party. The burden is on the non-prevailing party to overcome this presumption. When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial.

*Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (internal quotations and citations omitted).

Having reviewed the parties' submissions, and having considered all of the circumstances involved in this case, the Court finds Dawson has not overcome the presumption established by Rule 54 and that plaintiff, as the prevailing party, is entitled to recover its costs. Specifically, the Court finds that despite Dawson's asserted inability to pay the costs, plaintiff is still entitled to recover its costs. *See id.* (upholding trial court's award of costs to defendant despite indigent status of plaintiffs). Additionally, the Court finds Dawson has not shown that the costs plaintiff incurred were not necessary. Simply because a declaratory judgment action was one option of several options plaintiff could pursue does not make the costs plaintiff incurred in pursuing a declaratory judgment action not necessary.

Accordingly, the Court DENIES Dawson's Motion for Judicial Review of Taxation of Costs [docket no. 59].

**IT IS SO ORDERED this 11th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE